IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL INFORMATION NO. |
| v. | : |
| | : 1:10-CR-290-JEC-LTW |
| ANTONIO DARNELL KING | : |

<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMO</u>

Comes now the United States of America, by and through its counsel, Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and undersigned counsel, and submits this response to address two arguments made in the sentencing memo filed by Defendant Antonio King.

**I.   Application of the Sentencing Guidelines**

The presentence report calls for the application of U.S. Sentencing Guidelines Manuel §2A2.2 (Aggravated Assault). (PSR ¶¶ 16-19). The defendant objected to the application of this sentencing guideline and argues that he pled guilty to a "simple assault" with the intent to commit another felony, and not a "felonious assault" as is required to meet the guidelines' definition of aggravated assault. (Doc. at 7, p. 4-7).

The defendant pled guilty to a felony assault, not a simple assault. Pursuant to Title 18, United States Code, Section 111, when an individual forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of Title 18 while that person is engaged in or on account of

that person's performance of official duties, and when such actions involve physical contact *or the intent to commit another felony*, the individual shall be fined or imprisoned for not more than eight years.  18 U.S.C. § 111 (a).  Thus, the defendant's offense was a felony.  See 18 U.S.C. § 3559 (a)(4).  A felony is distinguished by the plain language of the statute from a simple assault, which is one where there is no physical contact, no intent to commit another felony, a deadly or dangerous weapon is not used, and bodily injury is not inflicted, and thus the maximum term of imprisonment is one year.[1]  See 18 U.S.C. § 111 (a) and (b).

Having established that the defendant pled to a felony assault, U.S. Sentencing Guidelines Manual §2A2.2 (Aggravated Assault) applies.  Under the guidelines, the definition of aggravated assault includes, "a felonious assault that involved . . . the intent to commit another felony." USSG §2A2.2, app. n. 1.  There is no language in the relevant statute or the guidelines that defines "felonious assault."  Thus, "felonious assault" must be

---

[1] A reading of Title 18, United States Code, Section 111(a) as containing both the elements of a misdemeanor assault and a felony assault is supported by a review of case law and legislative history. Title 18, United States Code, Section 111(a) was last amended on January 7, 2008, inserting the language regarding physical contact and the intent to commit another felony.  Pub.L 110-177, Title II, § 208(b).  As the Fifth Circuit has noted with regard to this amendment, "The recent change in the statutory language . . . specif[ies] that the line between misdemeanors and felonies is drawn at physical contact or acting with the intent to commit another crime . . . ." United States v. Williams, 602 F.3d 313, 317 (5th Cir. 2010).

defined by its ordinary meaning, an assault that is a felony.[2] There is no dispute that the defendant had the intent commit another felony. Thus, the defendant committed an aggravated assault.[3] Because the conduct at issue constitutes aggravated assault, §2A.2.2 applies, and §2A2.4 does not. See §2A2.4(c)(1).

The defendant's sentencing memo argues that §2A2.4(b)(1) and (2) would never be applicable under the probation officer's interpretation of §2A2.2. (Doc at 7, p. 8). This is incorrect. First, not all felony assaults require application of the §2A2.2 guideline. Only specific conduct, including commission of assault with the intent to commit another felony, receives the higher offense level. Second, each criteria that raises the offense level within §2A2.4 punishes less egregious conduct than the related criteria in §2A2.2 that makes the offense an aggravated assault. For example, §2A2.4(b)(1)(A) increases the offense level by three if "the offense involved physical contact" whereas the related

---

[2] This is consistent with Defendant's proposed definition from Black's Law Dictionary, 5th Edition. (Doc. at 7, p. 6). According to Black's Law Dictionary, 8th Edition, a felonious assault is "[a]n assault that is of sufficient severity to be classified and punished as a felony." Black's Law Dictionary (8th ed. 2004), assault. Further, an aggravated assault is "[c]riminal assault accompanied by circumstances that make it more severe, such as the intent to commit another crime or the intent to cause serious bodily injury . . . ." Black's Law Dictionary (8th ed. 2004), assault.

[3] To the extent that the defendant's sentencing memoranda argues that an aggravated assault must be felonious independently of the factor that makes it aggravated (Doc. at 7, p.6), there is no basis for this position. Nothing in the guidelines requires that the factor making an assault aggravated be different from the factor making it felonious.

criteria for aggravated assault is "serious bodily injury." Revealingly, "intent to commit another felony" does not increase the offense level under §2A2.4. Presumably this is because §2A2.2 always applies instead of §2A2.4 when there is intent to commit another felony.

**II.  Consideration of the Defendant's Cooperation**

The defendant requests that consideration be given for the cooperation provided to the government for purposes of sentencing. (Doc. at 7, p. 12-13). As detailed in the charge bargain provision of plea agreement, the government allowed the defendant to plead guilty to the offense of the information, a violation of Title 18, United States Code, Section 111 (a) (eight year maximum), and will dismiss the two counts of the indictment, violations of Title 18, United States Code, Section 111 (a) and (b) (20 year maximum). (Doc. at 3, attachment 1, p. 6-7). According to the presentence report, the defendant is a career offender. See USSG §4B1.1. Because the offense level of a career offender is driven by the offense statutory maximum, the guideline range for a violation of Title 18, United States Code, Section 111 (a) and (b) would be 151-188 months,[4] in contrast to the current presentence report guideline range of 92-96 months. Thus, the defendant has already

---

[4] The statutory maximum for a violation of Title 18, United States Code, Section 111 (a) and (b) is 20 years. The guideline range of 151-188 months assumes application of §24B1.1(b)(C) resulting in an offense level of 29 (offense level of 32 with 3 points deducted for acceptance of responsibility) and a criminal history of Category VI.

obtained a significant benefit for his cooperation though the charge bargain.

Respectfully submitted this 9th day of October, 2010.

        SALLY QUILLIAN YATES
        UNITED STATES ATTORNEY


        */s/ Mary F. Kruger*
        ASSISTANT U.S. ATTORNEY
        GEORGIA BAR NO. 244607
        600 UNITED STATES COURTHOUSE
        75 SPRING STREET, S.W.
        ATLANTA, GEORGIA 30303
        (404)581-6168 - PHONE
        (404)581-6234 - FAX

<u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I hereby certify that the foregoing Government's Response to Defendant's Sentencing memo was prepared using Courier 12-point font and that I have caused a copy of the same to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

    L. Burton Finlayson
    lbfcours@aol.com

Respectfully submitted this 9th day of October, 2010.

                                        <u>/s/ Mary F. Kruger</u>
                                        ASSISTANT U.S. ATTORNEY
                                        GEORGIA BAR NO. 244607
                                        600 UNITED STATES COURTHOUSE
                                        75 SPRING STREET, S.W.
                                        ATLANTA, GEORGIA 30303
                                        (404)581-6168 - PHONE
                                        (404)581-6234 - FAX